UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL TODD WILSON                                                    PLAINTIFF

V.                                                 CIVIL ACTION NO.  3:21-CV-23-KHJ-MTP

EQUIPMENT OPTIONS DIRECT, LLC;                                        DEFENDANTS
COLEMAN BOYD, individually;
and JOHN DOES 1-3

ORDER

This action is before the Court on Plaintiff Michael Todd Wilson's Motion for

Remand [4]. For the reasons below, the Court denies this motion.

I.      Facts and Procedural History

Plaintiff Michael Todd Wilson is an independent contractor who provides

spray foam insulation services. Wilson uses an equipment and spray foam trailer

manufactured by Defendant Equipment Options Direct, LLC ("Equipment

Options"). Compl. [1-2], ¶ 8. Defendant Coleman Boyd hired Wilson to insulate his

house with spray foam. *Id.*, ¶¶ 10-11.

Wilson alleges he first parked his trailer in a safe location on Boyd's property,

but Boyd forced him to move his trailer to "a low spot on the property next to the

two buildings were [sic] all rain water would drain from the roof if any rain event

occurred." *Id.*, ¶ 11. Boyd also allowed his children to wander around Wilson's work

area and failed to monitor them. *Id.*, ¶¶ 11-12.

Near the end of the day, it started to rain, and "rain puddled around the trailer so that any entry or exit from the trailer required the person to stand in water and get wet." *Id.*, ¶ 12. Because of the water and the children around the trailer, Wilson decided to turn off the electric generator on the trailer. *Id.*, ¶ 13. Because of the rain, Wilson's feet were wet when he entered the trailer. *Id.* When Wilson touched the generator, he received a shock which "knocked [him] backward" causing him to "f[a]ll out of the trailer and onto his head and shoulder." *Id.* After "gather[ing] his senses," Wilson turned the generator off using a wooden stick. *Id.*

Wilson filed a negligence action in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against Equipment Options, Boyd, and John Does 1-3. Wilson and Boyd are both residents of Mississippi. *Id.*, ¶¶ 1, 3. Equipment Options is a Florida corporation. *Id.*, ¶ 2. Equipment Options timely removed to this Court, asserting that Boyd was improperly joined and that diversity jurisdiction existed under 28 U.S.C. § 1332. Notice of Removal [1]. Wilson now moves to remand because he insists Boyd is a proper party to this suit.

II.    Standard

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). The Fifth Circuit recognizes "two ways to establish improper joiner: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at

573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Equipment

Options does not argue fraud but only that Wilson cannot establish a cause of action

against Boyd. Notice of Removal [1] at 6.

The test for improper joinder "is whether the defendant has demonstrated

that there is no possibility of recovery by the plaintiff against an in-state

defendant." *Smallwood*, 385 F.3d at 573. To determine whether a possibility of

recovery exists, "the court may conduct a Rule 12(b)(6)-type analysis, looking

initially at the allegations of the complaint to determine whether the complaint

states a claim under state law against the in-state defendant. Ordinarily, if a

plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

(citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)). "As a

practical matter, the negative corollary of this statement will often hold true: if a

plaintiff's claims against in-state defendants cannot survive a Rule 12(b)(6)

analysis, the finding of improper joinder follows." *Harried v. Forman Perry Watkins

Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011) (quoting *Druker v. Fortis

Health*, No. 5:06-CV-00052, 2007 WL 38322, *7 (S.D. Tex. Jan. 4, 2007)).

In a Rule 12(b)(6) analysis, "the central issue is whether, in the light most

favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v.

MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco

Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). That means it

contains "sufficient factual matter, accepted as true," giving the claim "facial

plausibility" and allowing "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.    Analysis

Wilson brings a claim of negligence against Boyd. Mississippi courts "consider[] the traditional elements of negligence: duty or standard of care, breach of duty or standard, proximate causation, and damages or injury." *Lyle v. Mladinich*, 584 So. 2d 397, 398-99 (Miss. 1991) (citing *May v. V.F.W. Post #2539*, 577 So. 2d 372, 375 (Miss. 1991)). Equipment Options' arguments go only towards the first element—whether Boyd owed any duty or standard of care to Wilson. Wilson argues Boyd had a duty to maintain his property in a safe manner, to warn Wilson of any dangers, and to maintain safe working conditions for Wilson. Motion [4] at 5. Wilson also contends Boyd had a duty to supervise his children. *Id.* at 7.

A.    Duty to Maintain Safe Working Conditions

1.    § 11-1-66 Immunity

Under Mississippi statutory law, "[n]o owner, occupant, lessee or managing agent of property shall be liable for the death or injury of an independent contractor . . . resulting from dangers of which the contractor knew or reasonably should have known." Miss. Code Ann. § 11-1-66. Whether a "contractor knew or reasonably

should have known" about a danger "does not depend on his control over the manner in which the work is being performed or his reasons for being on the premises," but on his knowledge of whether a dangerous condition existed. *Mendez Lopez v. Bellamare Dev. LLC*, 293 So. 3d 271, 277 (Miss. Ct. App. 2019) (quoting *McSwain v. Sys. Energy Res. Inc.*, 97 So. 3d 102, 108 (Miss. Ct. App. 2012)). Under the statute, "the owner is not liable for . . . injury of an independent contractor . . . resulting from dangers which the contractor, as an expert, knew or should have known." *Id.* (internal quotations and citations omitted).

Wilson's own allegations show he knew of the dangerous condition created by the rainwater around the trailer. In his Complaint, Wilson states:

> Because Defendant Boyd's children were present and still fascinated with the trailer and its operating equipment and because water was getting into the open trailer from the roof water runoff[,] Plaintiff decided to go to the trailer and turn off the equipment so the children would not be around running equipment in the rain.

[1-2], ¶ 13. Wilson turned the generator off because he knew the water created a dangerous condition for the children around the trailer. *Id.* As an expert, and the owner of the generator, he should have known the dangerous condition existed for him as well. Because Wilson should have been aware of the danger to him, Boyd is immune from suit under § 11-1-66.

### 2.    Mississippi Common Law

Even if Boyd were not statutorily immune from suit, Wilson does not have a viable negligence claim against Boyd. Under Mississippi common law,

> liability is not generally imposed on an owner who contracts with another to perform work, and the contractor or their employee suffers

> injuries that "arise out of or were intimately connected with the work."
> The lone exception applies to arrangements where "the project owner
> maintains any right of control over performance of that aspect of the
> work that has given rise to the injury."

*Peak v. Cohee*, 294 So. 3d 604, 607 (Miss. 2020) (quoting *Magee v. Transcon. Gas Pipe Line Corp.*, 551 So. 2d 182, 185-68 (Miss. 1989)) (internal citations omitted). Further, while an owner has the duty to provide "a reasonably safe working environment or give warning of any danger," an owner is "relieved of this duty if the independent contractor knows of the danger." *Raines v. Pierce Cabinets, Inc.*, 43 So. 3d 1183, 1185 (Miss. Ct. App. 2010) (citing *Miss. Chem. Corp. v. Rogers*, 368 So. 2d 220, 222 (Miss. 1979)). Boyd cannot be liable to Wilson "resulting from dangers which [Wilson] has known, or as to which he has assumed the risk." *Id.* at 1186 (citing *Jackson-Ready-Mix Concrete v. Sexton*, 235 So. 2d 267, 271 (Miss. 1970)).

The Mississippi court's holding in *Raines* is instructive. In that case, the independent contractor, an electrician, was working on a breaker box without first disconnecting power to the box. *Id.* at 1185. Because of sawdust in the area, which he admittedly knew was flammable, the contractor was severely burned. *Id.* The Mississippi Court of Appeals held the owner could not be liable because the contractor knew of the unsafe condition and because sawdust itself is not a dangerous condition and only became dangerous through the work of the electrician. *Id.* at 1186. The same holds true in this case.

While Boyd had a duty to provide a safe working condition, rainwater by itself is not a dangerous condition. It became dangerous to Wilson by his own equipment—in other words, it "ar[o]se out of or [was] intimately connected with the

work" Wilson was hired to perform. *Peak*, 294 So. 3d at 607 (quoting *Magee*, 551 So.

2d at 185-68). Though Wilson argues that Boyd maintained control of where he

parked his trailer, this is not enough for Boyd to have "control over performance of

that aspect of the work that has given rise to the injury." *Id.* Notably, Boyd did not

direct Wilson to park his trailer in an area where water was already present, but

where water pooled later in the day due to rain. Compl. [1-2], ¶¶ 11-12. Boyd did not

place water in the area, nor does Wilson allege Boyd had any knowledge of the

generator present on the trailer. Thus, Wilson's allegations do not establish Boyd

maintained such control over his work to except him from the general principle that

owners are not liable for "injuries that 'arise out of or were intimately connected

with the work.'" *Peak*, 294 So. 3d at 607 (quoting *Magee*, 551 So. 2d at 185-68).

Wilson admits in his Complaint that he was aware of the dangerous

condition,[1] as that was why he decided to turn the generator off. [1-2], ¶ 13. Boyd

cannot be liable to Wilson under Mississippi law for his injuries because they

"result[ed] from dangers which [Wilson knew], or as to which he . . . assumed the

risk." *Raines*, 43 So. 3d at 1186 (citing *Jackson-Ready-Mix Concrete*, 235 So. 2d at

271). Even if Boyd were not immune from liability under § 11-1-66, Wilson's

negligence claim against him fails.

---

[1] Wilson also seems to argue that the children themselves were a dangerous condition, not just the rainwater, but it does not appear from his Complaint allegations that the children caused him any harm.

B.      Duty to Supervise Children

Wilson also argues that Boyd had a duty to supervise his children and his failure to do so contributed to Wilson's injuries. Ordinarily, a parent is not "liable for the tortious acts of their minor children," but an exception to this rule exists for "a claim of negligent supervision." *Stephens v. Miller*, 970 So. 2d 225, 227 (Miss. 2007) (citing *Williamson v. Daniels*, 748 So. 2d 754, 758 (Miss. 1999)). Under this type of claim, though, parents only have a duty "to act as reasonably prudent parents based on notice of the child's propensity to do harm." *Id.* "The Mississippi Supreme Court elaborated upon this by emphasizing that this 'propensity to do harm' is not negligence, but it is either a criminal act or intentional tort the child has previously performed." *Id.*

Wilson does not allege that Boyd's children performed a criminal act or intentional tort, or that Boyd was aware of his children's propensity to perform either. Wilson therefore fails to plead a claim of negligent supervision against Boyd.

Because Wilson fails to plead a plausible claim against Boyd, the Court finds Wilson improperly joined Boyd in this suit. *See Harried*, 813 F. Supp. 2d at 840 (citation omitted). The Court thus denies Wilson's Motion to Remand [4]. The Court dismisses Boyd as improperly joined, and the case will proceed against Equipment Options and John Does 1-3.

VI.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the Court's decision. For these

reasons, the Court DENIES the Motion for Remand [4]. Boyd is DISMISSED from this action as improperly joined.

SO ORDERED AND ADJUDGED this the 25th day of February, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT