UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL TODD WILSON                                        PLAINTIFF

V.                                   CIVIL ACTION NO. 3:21-CV-23-KHJ-MTP

EQUIPMENT OPTIONS DIRECT, LLC                              DEFENDANT

ORDER

Before the Court are Defendant Equipment Options Direct, LLC's ("EOD")

Motions to Exclude [47], [49] and Consolidated Motions in Limine [58]. For the

following reasons, the Court grants the Motion to Exclude TBI Evidence and the

Proposed Testimony of Dr. Orhan Ilercil [47], denies the Motion to Exclude Expert

Opinions of Dr. Orhan Ilercil as to Plaintiff's Need for Future Surgery [49], and

grants in part and denies in part the Consolidated Motions in Limine [58].

I.      Background

Plaintiff Michael Todd Wilson suffered an electric shock from improper

wiring in a custom spray foam trailer manufactured and designed by EOD. [49] at

1. EOD concedes liability, but damages are in dispute. *Id.* Wilson designated three

expert witnesses to testify about his injuries. *Id.* EOD now moves to exclude or limit

Dr. Orhan Ilercil's testimony to the extent that he recommends that Wilson will

undergo back surgery. *Id.*

II.     Standard

The purpose of a motion in limine is to preclude opposing counsel from

"mentioning the existence of, alluding to, or offering evidence on matters so highly

prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III.    Analysis

A. Motion to Exclude [47]

EOD moves to exclude Dr. Orhan Ilercil's testimony about a traumatic brain injury ("TBI") diagnosis. [47] at 1. Because Wilson's TBI diagnosis will not be complete before the trial date, he does not oppose the motion. Resp. [55] at 1. The Court therefore grants the motion.

B. Motion to Exclude [49]

EOD next moves to exclude Dr. Ilercil's opinion on Wilson's need for future surgery, arguing that the opinion is speculative and dependent on further evaluation by an orthopedic referral. [49] at 1. Wilson counters that the supplement to Dr. Ilercil's report explicitly recommends surgery based on how Wilson progressed through more conservative medical treatment, and it is therefore not a speculative opinion. [53] at 9.

2

In his initial report dated January 22, 2019, Dr. Ilercil noted that Wilson would be willing to have "an operation on his back or neck, and while this may be indicated down the road," Dr. Ilercil recommended other treatments first. Dr. Ilercil Report [49-2] at 2. On September 7, 2021, Dr. Ilercil reported that if conservative therapy was to fail, Wilson would need lumbar and cervical surgeries. [53-2] at 1. He also stated, "Given that [Wilson] will have these injuries that are permanent and will require treatment for at least 5–10 years it is more likely than not that he will ultimately require both operations." *Id.* Dr. Ilercil stated that his opinions are based on "a reasonable degree of medical certainty and probability as a board certified neurological surgeon with extensive experience in both minimally invasive and complex spinal surgery and conservative management of spinal problems." *Id.*

Dr. Ilercil then supplemented his opinion saying that he recommends "surgery as a first line of treatment" and that he "will arrange for an orthopedic referral." Dr. Ilercil Supp. Report [49-3] at 23.

Under *Daubert*, the Court acts as a gatekeeper to determine when expert testimony is admissible. *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Federal Rule of Evidence 702 provides that expert testimony is admissible only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

"[T]here is no requirement that an expert use magical language in his testimony, as long as the import of the testimony is apparent." *Booker v. Moore*, No. 5:08-cv-309, 2010 WL 2426013, at *2 (S.D. Miss. June 10, 2010) (cleaned up). "Expert testimony regarding medical causation is not probative unless it is in terms of probabilities, not possibilities." *Spaulding v. United States*, 241 F. App'x. 187, 2007 WL 2033245, at *3 (5th Cir. 2007). But expert testimony need not be a known certainty. *Id.* "Instead, the underlying concern of the [C]ourt is whether or not the expert's testimony is sufficiently reliable." *Id.*

The Court finds that Dr. Ilercil's opinions about Wilson's need for surgery are admissible. Though EOD may cross-examine Dr. Ilercil on the specific probability of the surgeries, the Court finds that it would be inappropriate to exclude this testimony under *Daubert* because these opinions are based on a reasonable medical certainty from a qualified expert. Dr. Ilercil treated Wilson for nearly three years after his electrocution, and he has extensive experience as a neurosurgeon. The evidence to suggests that Dr. Ilercil formed his opinions to a reasonable medical certainty based on reliably applied facts and data. Accordingly, EOD's motion is denied.

### C. Consolidated Motions in Limine [58]

EOD finally moves to exclude the next 11 subject matters from trial testimony. The Court addresses each in turn.

#### 1. Liability Insurance

EOD moves to exclude any "testimony, documents, or evidence regarding whether EOD was insured against any damages claimed by [Wilson], or any reference during voir dire regarding jurors' connections to the insurance industry." Mem. in Supp. of Mot. in Limine [59] at 3. EOD also moves to exclude any reference to conversations had with any person from EOD's insurance company. *Id.* Wilson states that he will not introduce any such evidence or testimony to prove that EOD acted negligently or wrongfully but wishes to reserve his right to use such evidence for the purposes permitted in Rule 411. Resp. in Opp. to Mot. in Limine [60] at 2.

Federal Rule of Evidence 411 provides that evidence of liability insurance is not admissible to prove that the insured acted negligently or wrongfully, but the Court may admit the evidence for other purposes such as proving bias, prejudice, agency, ownership, or control. Fed. R. Evid. 411.

EOD stipulated to liability, and the only issue for trial is Wilson's damages. Wilson has not articulated any disputed issue of fact for which EOD's liability insurance would be relevant. The Court therefore grants this part EOD's motion. *See Jackson v. Low Constr. Grp., LLC*, No. 2:19-cv-130-KS-MTP, 2021 WL 1030995, at *1 (S.D. Miss. Mar. 17, 2021).

### 2. Ability to Satisfy a Judgment

EOD next moves to exclude references to EOD's net worth or its ability to satisfy a judgment. [59] at 3. Wilson states he will not introduce such evidence or testimony but wishes to reserve his right to use such evidence for the purposes permitted in Rule 411. [60] at 2–3. Rule 411 applies to liability insurance and has

no language supporting its use for testimony on ability to satisfy a judgment.

Wilson also does not provide a disputed issue of fact for which EOD's ability to

satisfy a judgment would be relevant. *See Jackson*, 2021 WL 1030995, at *1. The

Court therefore grants this aspect of EOD's motion.

### 3.  Settlement Negotiations

EOD next moves to exclude any reference to settlement offers or negotiations.

[59] at 3–4. Wilson contends he will not introduce evidence or testimony about

settlement offers but wishes to reserve his right to introduce evidence for the

permissible purposes in Federal Rule of Evidence 408. [60] at 3. Rule 408 prohibits

testimony about settlement negotiations except to prove a witness's bias, negating a

contention of undue delay, or proving an effort to obstruct a criminal investigation

or prosecution. Fed. R. Evid. 408. EOD has stipulated to liability, and Wilson does

not articulate a disputed issue of fact for which evidence of settlement negotiations

would be relevant. *See Jackson*, 2021 WL 1030995. The Court therefore grants this

aspect of EOD's motion.

### 4.  Liability Testimony

EOD moves to exclude evidence of liability. [59] at 4. Wilson states he will not

introduce evidence on this matter but asks the Court to instruct the jury that EOD

has admitted fault. [60] at 3. Wilson also seeks to preserve his right to present

evidence of liability for the reasons permitted in Rule 411. *Id*. Wilson, again, does

not point to any remaining issue of fact for which EOD's liability would be relevant.

The Court grants this aspect of EOD's motion in limine.

5.  Documents Not Previously Produced in Discovery

EOD moves to exclude documents that were not properly identified or produced during discovery. [59] at 4. In determining whether to exclude evidence based on a party's failure to disclose it, the Court considers: the importance of the testimony, the prejudice to the opposing party in allowing the testimony, the possibility of curing such prejudice by granting a continuance, and the explanation for a party's failure to comply with a discovery order. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). "These factors cannot be applied in the abstract. The Court must consider the specific evidence in dispute." *Jackson*, 2021 WL 1030995, at *1–2. The Court therefore denies this aspect of EOD's motion.

6.  Medical Records, Reports, and Bills not Previously Produced

EOD next moves to exclude medical records, reports, and bills not previously disclosed in discovery. [59] at 5. For the reasons stated in Section III.C.5, *supra*, the Court denies this request in EOD's motion.

7.  Medical Opinions of Non-Testifying Doctors

EOD moves to preclude non-testifying medical doctors' medical opinions about Wilson's health because it is hearsay. [59] at 5. Wilson does not oppose this part of the motion. [60] at 4. The Court therefore grants this request in the motion as unopposed.

8.  "Golden Rule" Arguments

EOD moves to exclude "golden rule" arguments, including requests for the jury to "put themselves in the shoes" of the plaintiff. [59] at 5. Wilson does not oppose this part of the motion. The Court grants this request in the motion as unopposed.

9. "Conscience of the Community" Arguments

EOD moves to prohibit any arguments that appeal to the jury as "the conscience of the community" or arguments that suggest the jury should "bring justice by applying the values of the community by acting as the conscience of the community." [59] at 6. Wilson argues that these arguments are permitted to some degree and the Court should allow them. [60] at 4–5.

Although Wilson cites an abundance of Mississippi case law to purportedly support his position, the Federal Rules of Evidence apply in this diversity case. And the Fifth Circuit disfavors "conscience of the community" arguments, holding that in most instances they "serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238–39 (5th Cir. 1985). "[A]ll impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty[,] and expectation" are subject to this disfavor. *Id.* at 1239. Other federal courts in Mississippi have excluded these arguments as well. *See Woulard v. Greenwood Motor Lines, Inc.*, 1:17-cv-231-HSO-JCG, 2019 WL 3318467, at *2–3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, 3:16-cv-00299-NBB-JMV, 2018 WL 4404069, at *1

(N.D. Miss. Sept. 14, 2018). Accordingly, the Court grants this request in EOD's motion.

>     10. "Take Responsibility" Arguments

EOD moves to exclude evidence, references to, and arguments suggesting that EOD should have "taken responsibility" or that the Defendant "failed to take responsibility," making trial necessary. [59] at 7. Wilson responds that he does not intend to make these references or arguments. [60] at 10. The Court therefore grants this request in EOD's motion as unopposed.

>     11. "Send a Message" Arguments

Finally, EOD moves to exclude any evidence, references to, and arguments suggesting that the jury should "send a message" or "teach a lesson" with their verdict. [59] at 9. Wilson responds that he does not intend to make these references or arguments. [60] at 10. The Court therefore grants this request in EOD's motion as unopposed.

>    IV.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS EOD's Motion to Exclude [47], DENIES EOD's Motion to Exclude [49], and GRANTS IN PART and DENIES IN PART EOD's Consolidated Motion in Limine [58].

>    SO ORDERED this the 29th day of June, 2022.

>                                        /s Kristi H. Johnson
>                                        UNITED STATES DISTRICT JUDGE